IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NEIL PHILLIPS | § | |
| | § | |
| v. | § | C.A. NO. C-10-119 |
| | § | |
| UNITED STATES, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION TO
<u>GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT</u>**

Petitioner is a federal prisoner currently incarcerated at the Federal
Correctional Institution in Three Rivers, Texas.  (D.E. 1).  On April 29, 2010,
Petitioner filed this <u>pro se</u> habeas corpus petition pursuant to 28 U.S.C. § 2241.  <u>Id.</u>
Pending is Respondent's motion for summary judgment.  (D.E. 11).  Petitioner
filed a response on July 29, 2010.  (D.E. 13).  For the reasons stated herein, it is
respectfully recommended that Respondent's motion for summary judgment be
granted, and this habeas action be dismissed.

**I.  JURISDICTION**

Section 2241 petitions must be filed in the district wherein the prisoner is
incarcerated.  <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000).  Petitioner is
incarcerated in Live Oak County, Texas, and jurisdiction is therefore proper in this
Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

In 2006, Petitioner was convicted of conspiracy to commit mail fraud in the United States District Court for the Eastern District of New York.  (D.E. 1, at 7). He has served sixty-four months out of a sentence of ninety-six months in prison and three years of supervised release.  Id.  He has no history of substance abuse or violence.  Id.

Petitioner contends that his equal protection rights have been violated by the Residential Drug Abuse Program ("RDAP").  (D.E. 1, 12, 13); see also 18 U.S.C. § 3621(e)(2)(B).  Specifically, he argues that the program is unconstitutional insofar as it entitles drug users (or, as Petitioner notes, drug use feigners) to a potential reduction in their terms of imprisonment after completing an educational course, while denying that possibility to non-drug-users such as himself.  (D.E. 1, 12, 13).  Petitioner claims that his exclusion from RDAP is not rationally related to the interests pursued by Congress in its creation of the program because it encourages the faking of drug problems, because even former drug users do not have access to drugs in prison, because he is equally deserving of the reduction as a drug-free individual, and because the program is equally appropriate as a preventive measure for those who have not had drug problems in the past.  (D.E. 1, 12, 13).  Finally, Petitioner argues that RDAP violates the equal protection rights

2

of inmates struggling with addictions that are not drug-related, and inmates with

other types of disorders, because they do not have access to the sentence reduction.

(D.E. 1, at 7).

### III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

A federal petitioner seeking relief pursuant to 28 U.S.C. § 2241 must first

exhaust his administrative remedies through the Bureau of Prisons ("BOP").[1]  See

Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); United States v. Gabor,

905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted).  The record indicates, and

Respondent concedes, that Petitioner has exhausted his administrative remedies.

(D.E. 11, at 3).

### IV.  DISCUSSION

**A.     The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas

---

[1] The BOP provides an administrative process by which inmates can present a complaint. 28 C.F.R. § 542.10 et. seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures).  First, the inmate must present the complaint informally on Form BP-8 to a staff member at the facility where he is housed.  28 C.F.R. § 542.13(a).  If this informal procedure does not resolve the issue, the inmate then commences the three-tiered administrative remedy procedure by filing a formal written complaint on a Form BP-9 with the warden at the local level.  28 C.F.R. § 542.14.  If unsatisfied with the warden's response, the inmate may submit an appeal on Form BP-10 within twenty days of the response to the regional director.  28 C.F.R. § 542.15.  Finally, if unsatisfied at the regional level, the inmate has thirty days from the date of the regional director's response to submit an appeal on Form BP-11 to the General Counsel.  Id.  The appeal to the General Counsel is the final administrative appeal provided by the BOP.  Id.

corpus cases.  <u>Clark v. Johnson</u>, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  <u>Caboni v. Gen. Motors Corp.</u>, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Williams v. Adams</u>, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  <u>See</u> <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585-87 (1986);

Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.    Petitioner's Claims Lack Merit.**

There are no disputed issues of material fact here.  Respondent does not contest Petitioner's lack of substance abuse or his status as a nonviolent offender.  Because Respondent is entitled to judgment as a matter of law, summary judgment is appropriate.

To succeed in an equal protection challenge, Petitioner must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated.  McCleskey v. Kemp, 481 U.S. 279, 292 (1987).  He must have more than a personal belief that he was the victim of discrimination; he must show that Respondent had a discriminatory purpose.  See Woods v. Edwards, 51 F.3d

5

577, 580 (5th Cir. 1995) (per curiam).  The Fifth Circuit has determined that

"discriminatory purpose" implies that a particular course of action was selected "at

least in part because of, and not simply in spite of, the adverse impact it would

have on an identifiable group."  Id.  Moreover, Petitioner must show "some

specific kind of outlawed discrimination."  Wendt v. Lynaugh, 841 F.2d 619, 621

(5th Cir. 1988).

      In evaluating an equal protection claim, "[s]trict scrutiny is appropriate only

where a government classification implicates a suspect class or a fundamental

right."  Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998) (per curiam)

(citing City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985)).

Absent the implication of a suspect class or a fundamental right, courts apply a

"rational basis" inquiry that upholds the classification where it is rationally related

to a legitimate government interest.  See id. at 1037 (citation omitted).

      Petitioner's challenge does not implicate a suspect class.  Cf. Rublee v.

Fleming, 160 F.3d 213, 217 (5th Cir. 1998) (per curiam) (challenge to BOP for

excluding inmates ineligible for community based treatment upon release does not

implicate suspect class).  Nor does Petitioner's challenge invoke a fundamental

right.  See Wottlin, 136 F.3d at 1037 (no fundamental right to be released before

expiration of valid sentence).  Consequently, rational basis is the appropriate

standard.

For purposes of equal protection analysis, Petitioner is similarly situated to other non-drug-using inmates, not, as he appears to suggest, the inmate population as a whole.  Cf. United States v. Norman, No. H-02-668, 2009 WL 1347028 at *1 (S.D. Tex. May 12, 2009) (unpublished) (comparing defendant to other high-security inmates where he filed a claim challenging BOP's categorical exclusion of such inmates from RDAP); Cross v. Berkebile, 646 F. Supp. 2d 839, 843 (N.D. Tex. 2009) (comparing federal prisoner to other inmates convicted of possession of ammunition by a convicted felon where he filed a claim against BOP for excluding inmates convicted of that offense from RDAP).  Petitioner is not being treated differently from other non-drug-using inmates, who are, like him, ineligible for the sentence reduction pursuant to RDAP.

Moreover, RDAP's exclusion of non-drug-using inmates is rationally related to a legitimate government interest.  The purposes of the program are "reducing recidivism, easing prison overcrowding, and ultimately preventing crime."  Cross, 646 F. Supp. 2d at 845 (quoting legislative history of § 3621(e)) (internal quotation marks omitted).  Petitioner does not question the legitimacy of these government interests.  Rather, he suggests that RDAP's exclusion of non-drug-using inmates does not effectuate the legislative purposes.  (D.E. 12, at 3).  His complaints do not

7

demonstrate the absence of a rational relationship.

Petitioner asserts that RDAP's exclusion of inmates with no drug problems creates incentives for prisoners to fake non-existent drug addictions while punishing honest inmates such as himself for admitting that they have never had substance abuse issues.  (D.E. 1, at 8).  The possibility of deceit does not negate the valid purposes of the program.  Additionally, under the current regime, there is at least some oversight to independently determine the drug history of RDAP applicants.  See, e.g., Mora-Meraz v. Thomas, 601 F.3d 933, 939-40 (9th Cir. 2010) (rule requiring documented proof of substance abuse within the year of incarceration for admission to RDAP was valid exercise of discretion by BOP).

Moreover, the alternative that Petitioner proposes–that RDAP open its doors to all inmates regardless of their history of drug use–would actively undermine the incentive for inmates to come to terms with their drug abuse problems, as there would be no reward for coming clean.  Indeed, given the inherent reluctance of addicts to renounce their addictions, such a policy might very well create the opposite incentive: for inmates who do have genuine drug problems to downplay, or deny those problems.  This outcome would be far worse than the incentives for deceit that Petitioner decries.  Therefore, it is at the very least not irrational of Congress to judge that Petitioner's proposed system would do less to reduce

recidivism than the present one.

Petitioner emphasizes that inmates in prison do not have access to illegal drugs.  (D.E. 13, at 3).  He seems to infer from this assumption that RDAP would be equally suited to inmates without a history of substance abuse, as such offenders would then be less likely to take up drugs for the first time after release.  (D.E. 13, at 4).  However, Petitioner's opinion does not establish that it was irrational for Congress to determine that limited resources were best spent on preventing the recidivism of demonstrated substance abusers, rather than on the preemption of possible bad habits by inmates with clean drug records.  Congress need not take every measure at its disposal to ease prison overcrowding.

Petitioner maintains that RDAP cannot be rationally related to legitimate Congressional aims because he and similarly situated inmates are excluded despite "already being what Congress wants to produce," i.e., drug-free, nonviolent residents of federal prisons.  (D.E. 1, at 6).  It is an attractive argument but proves too much.  The very fact that Petitioner is already the kind of inmate Congress sought to create illustrates the rationality of his exclusion.  Congress does not need to devote any part of a finite budget towards improving Petitioner's behavior with respect to drugs, or educating him about their ills.  Though it might strike Petitioner as unfair that he is not rewarded for habits that came to him without the

federal government's assistance, while fellow-inmates accrue benefits as a result of their past mistakes, it is that very fact that makes it rational for Congress to have excluded him.

Furthermore, Petitioner's analogy to car insurance, where policy holders are rewarded <u>both</u> for safe records <u>and</u> for completing safety courses after accidents, is superficially attractive but unavailing.  (D.E. 1, at 9).  Insurance companies are not offering their policies to individuals whom they have imprisoned for violations of federal law.  Their clients have legitimate expectations to be treated solely on the basis of their own behavior, and to be rewarded for good behavior regardless of motivation.  Federal inmates, on the other hand, cannot expect that every program designed to reduce <u>some</u> sentences can be turned to their benefit, even (or especially) where they are already acting as Congress wants them to.

Finally, Petitioner attacks RDAP in part because it affords a sentence reduction to drug users which is not available to those suffering from other addictions and other disorders.  (D.E. 1, at 7).  However, Petitioner nowhere alleges that he suffers from any addiction or disorder.  Consequently, he has not suffered an "injury in fact" and therefore lacks standing to challenge the legislation on that ground.  <u>See Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992) (citations omitted).

Accordingly, it is respectfully recommended that Petitioner's claims are without merit.

## V.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 11), be granted.  It is further respectfully recommended that the petition be dismissed.

Respectfully submitted this 8th day of September 2010.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).